## MORRIS v. POUNDT.

(Supreme Court, Appellate Term.   June 28, 1906.)

1. BROKERS—ACTION FOR COMPENSATION—PLEADING—COMPLAINT—SUFFICIENCY.
   A complaint, in an action by a broker for commissions for procuring a purchaser for real estate, alleged that he procured a tenant for defendant for certain premises; that a lease for a specified number of years was executed, which reserved to the tenant the privilege of purchasing the premises for a specified sum at any time within a specified period; that before the expiration of the period the broker induced the tenant to consummate the purchase, and that he demanded as his commission a specified sum, which defendant refused to pay—was bad for failing to allege employment of the broker to effect a sale.

   [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 101.]

2. SAME—EVIDENCE OF EMPLOYMENT—SUFFICIENCY.
   In an action by a broker for commissions for procuring a purchaser, the broker made no pretense that defendant employed him, but asserted that he was acting at the instance of the purchaser, notwithstanding the expressed unwillingness of defendant to make the sale. He testified that, without the knowledge of defendant, he called the purchaser's attention to his right to purchase as stipulated in a lease; that defendant refused to convey, claiming that she was not bound by the lease; that the broker urged the purchaser's claim; and that defendant

yielded when advised by her counsel so to do. *Held*, that the broker was not entitled to commissions.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 38–40, 118.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Francis Morris against Sophia E. Poundt. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Daniel J. Early, for appellant.
John G. Ritter, for respondent.

LEVENTRITT, J. The plaintiff neither pleaded nor proved a cause of action. He alleged in his complaint that, pursuant to employment by the defendant, he procured a tenant for certain premises owned by her; that a lease for 10 years was thereupon executed, which reserved to the tenant the privilege to purchase the premises for $15,000 at any time within the first 5 years of the term; that she paid him for his services; that shortly before the expiration of the 5-year period he induced and procured the tenant to take advantage of the privilege and to consummate the purchase; that the title was passed and the deed delivered; that he demanded as his commission $150, 1 per cent. of the purchase price, and that the defendant refused to pay. Even if the most liberal construction be placed upon the plaintiff's evidence, he proved those allegations, certainly nothing more. There was a fatal omission in pleading and proof. Employment by the defendant to effect the sale was neither alleged nor shown.

On the trial the plaintiff made no pretense that the defendant employed him; but, on the contrary, he repeatedly asserted that he was acting at the instance and for the benefit of the tenant, and notwithstanding the expressed unwillingness of the defendant to make the sale. He testified that he, without the defendant's knowledge, called the tenant's attention to the approaching expiration of the option period; that the tenant, to whom he frequently referred as his "client," instructed him to notify the defendant that the option to purchase would be exercised; that he carried out these instructions; that the defendant refused to convey; that she claimed she was not bound by the option, and insisted upon an advanced price; that he urged the tenant's claim and tried to convince her that she could not escape from the provision of the lease, but that she did not yield until so advised by her counsel. If the judgment should be enforced, an agent would be rewarded for services not only unsolicited, but for services rendered against the wishes and against the interests of his principal.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.